(20 Misc. Rep. 690.)

### MANHATTAN BRASS CO. v. GILMAN.

(City Court of New York, General Term.  July 9, 1897.)

NOTE—CONSIDERATION.
  A note given by the second indorser of a protested note to the first, to induce the latter to take up the dishonored paper, is without consideration.

On rehearing.  Reversed.

For former opinion, see 45 N. Y. Supp. 818.

Reargued before VAN WYCK, C. J., and McCARTHY and SCHUCHMAN, JJ.

Duncan S. Edwards, for appellant.

Baggott & Ryall, for respondent.

SCHUCHMAN, J.  The appeal herein was heard at the last general term, and the judgment which was entered on a verdict rendered by a jury by the direction of the court was affirmed on the grounds that there was an appeal from a judgment only, that there was no exception taken to the granting of the motion for the direction of a verdict, and although a motion was made for a new trial on all the grounds stated in section 999 of the Code of Civil Procedure, and an order denying said motion, no appeal was taken from the said order. 45 N. Y. Supp. 818.  The court, however, overlooked the fact that there was a separate notice of appeal from the order denying the motion for a new trial printed in the appeal book.  A motion for a reargument was therefore granted, and the reargument had.  This suit is brought on a note for $125 made by the defendants and given to the plaintiff.  The defense is a general denial, and want of consideration.  The facts established by the evidence are as follows:  The plaintiff, the Manhattan Brass Company, had five notes of the F. H. Potts Company, amounting to the sum of $514.21.  It indorsed and delivered the same to the defendant Gilman, who was to sell them, or to get them discounted.  Gilman indorsed the same and sold them to a Mrs. Lamb, a relative of his, and received a small brokerage commission.  The notes had about 18 months to run, and when they became due the F. H. Potts Company was bankrupt, and the notes were protested.  Mrs. Lamb threatened to sue the plaintiff and the defendant as indorsers on said notes.  The plaintiff paid and took up said notes, and the defendant gave the note in suit to the plaintiff, saying, "If you will take up these notes, I will give you one hundred and twenty-five dollars."  The plaintiff being the first indorser on said Potts Company notes, and the defendant being a subsequent indorser, it was its legal obligation to pay and take up those notes.  It had no recourse against the defendant, and the note given by the defendant was without consideration.  Under this state of facts, the direction of the court to the jury to render a verdict in favor of the plaintiff was error.

Judgment and order appealed from reversed, and a new trial granted, with costs to the appellant to abide the event.  All concur.